## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EDGAR J. DIETRICH,

      Plaintiff,

                                    Civil Action No. 16-11469

v.

                                    HONORABLE DENISE PAGE HOOD

ANTHONY P. PATTI, Individually
and as Attorney for Peter Tiernan,

      Defendant.

_____/

## ORDER GRANTING APPLICATIONS TO
## PROCEED WITHOUT PREPAYING FEES,
## SUMMARILY DISMISSING AND CLOSING ACTION,
## DENYING MOTION FOR COURT APPOINTED COUNSEL,
## OVERRULING OBJECTION TO ORDER OF REASSIGNMENT,
## ENJOINING PLAINTIFF FROM FILING ANY NEW COMPLAINTS
## WITHOUT PERMISSION TO FILE SUCH
## AND
## FINDING ANY APPEAL FRIVOLOUS

## I.     IN FORMA PAUPERIS APPLICATIONS

On April 22, 2016, Plaintiff Edgar J. Dietrich filed a Complaint against

Defendant Anthony P. Patti[1] while acting as a private attorney and as counsel for Peter

Tiernan, along with Applications to Proceed Without Prepaying Fees or Costs. (Doc.

Nos. 1, 2, 4)  A review of the applications support his claim of pauper status.  The

_____

     [1] Anthony P. Patti was sworn in as a United States Magistrate Judge for the
Eastern District of Michigan on January 5, 2015.

Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action.  However, for the reasons set forth below, the Court dismisses the action as frivolous and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x

2

356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

The federal district court is a court of limited jurisdiction. The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed. R. Civ. P. 8(a)(1). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss or remand the action, either by a party's motion or the court's own motion. Fed. R. Civ. P. 12(h)(3); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

Plaintiff filed a "Combined Civil Rights Complaint under Title 32 (sic) U.S.C. 1983 and Civil Tort Claims" against Defendant Patti individually and as an attorney. (Doc. No. 1) Plaintiff asserts the Court's subject matter jurisdiction is based on 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1332, 1343(a). (Doc. No. 1, Pg ID 1-2) Plaintiff's Complaint alleges the following counts: Tortious Interference with a Business Relationship (Count I); Professional Negligence (Count II); Conversion (Count III); Abuse of Process (Count IV); Violation of the Fourth Amendment of the United States Constitution (Count V); and, Breach of Fiduciary Duty (Count VI).

Plaintiff seeks redress against Defendant Patti who served as attorney for Peter Tiernan in a matter involving the Dietrich Family Trust and Le Chateau Art Gallery & Custom Framing, LLC, an asset of the Trust. (Doc. No. 1, Pg ID 2-6) Plaintiff asserts he filed a chapter 7 bankruptcy proceeding on August 21, 2013 (Bankr. Case No. 13-57297). (Doc. No. 1, Pg ID 5) Plaintiff further asserts that despite the automatic stay in the bankruptcy action, Defendant Patti, at the direction of the Receiver and Trustee, sold the assets of Le Chateau, which Plaintiff asserts violated Plaintiff's contractual duties with the consignors of Le Chateau. (Doc. No. 1, Pg ID 7)

Plaintiff alleges in his Complaint that the Court's jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331 and the specific jurisdiction

4

under 28 U.S.C. § 1343(a). Under the "well-pleaded complaint" rule, a court generally looks only to the face of the complaint to determine whether a federal question exists. *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). The cause of action under which Plaintiff brought his Fourth Amendment claim in Count V against Defendant Patti is contained in 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A plaintiff cannot assert a claim under § 1983 against a private party based on private conduct. *Tahfs v. Proctor,* 316 F.3d 584 (6th Cir. 2003). If a private party is alleged to be subject to a § 1983 claim, the court must determine whether the private party's challenged conduct is "fairly attributable to the state." *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992). A lawyer employed by the state as a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981).

Liberally construing the claims by Plaintiff, the Court finds Plaintiff has not set forth a cognizable claim under the civil rights statutes because Defendant Patti did not act under color of state law when, as a lawyer, he allegedly represented Peter Tiernan

during the bankruptcy and receivership proceedings.  *See Baker v. Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen and Bartnick, Attorneys at Law, P.C.*, 1991 WL 134565 at *1 (6th Cir. Jul. 23, 1991) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).  There are no factual allegations in the Complaint that show Defendant Patti's actions, as a private attorney, were attributable to the State of Michigan or any of its agencies.

As to any bankruptcy related matter, Plaintiff does not allege that the Court has subject matter jurisdiction under 28 U.S.C. § 1334 which confers "original but not exclusive jurisdiction of all civil proceedings under title 11, or arising in or related cases under title 11."  28 U.S.C. § 1334(b).  "If the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding."  *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc.,* 930 F.2d 1132, 1144 (6th Cir. 1991).  Plaintiff has not alleged a substantive right created by federal bankruptcy law, nor does Plaintiff contend that the allegations in the Complaint could not exist outside of the bankruptcy action.  Plaintiff also fails to allege that the instant action is an appeal from any bankruptcy order or judgment.  Rather, Plaintiff filed the instant suit against Defendant Patti as a separate cause of action from any bankruptcy appeal action.  The Court finds Plaintiff failed to state a claim against Defendant Patti as alleged in Count

6

V of Plaintiff's Complaint.

Plaintiff also asserts diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) as to the remaining state law tort claims in Counts I-IV and VI.  Diversity jurisdiction is established "where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Both Plaintiff and Defendant Patti are citizens of the State of Michigan.  (Doc. No. 1, Pg ID 2, ¶¶ 3, 4)  The Court lacks original subject matter jurisdiction over Plaintiff's state law claims against Defendant Patti.  Because the Court has not exercised jurisdiction over any alleged federal claims, the Court will also not exercise supplementary jurisdiction over the state-law claims under 28 U.S.C. § 1367(c)(3).

## II.   PLAINTIFF'S OBJECTION TO REASSIGNMENT AND SEEKING TRANSFER BACK TO ORIGINAL JUDGE

Plaintiff seeks transfer of the instant action back to the original randomly assigned judge, District Judge Robert H. Cleland.  This matter was reassigned to the undersigned on May 26, 2016.  (Doc. No. 7) Plaintiff filed his "Objection" to the transfer on June 15, 2016.  The Court considers Plaintiff's "Objection" as a Motion for Reconsideration under E.D. Mich. LR 7.1.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon

7

shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Defendant's motion is timely filed. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiff's Objection seeking reconsideration of the Order transferring the action to the undersigned is untimely since it was filed beyond the 14 days required by the local rule. Even if the Court were to consider Plaintiff's arguments, Plaintiff has not demonstrated a palpable defect by which the Court was misled, nor has shown that correcting any defect would have resulted in a different order. The Local Rule provides reassignment of civil cases by order of the Court. E.D. Mich. LR 83.11(b).

To support his request to transfer back the instant case to Judge Cleland,

Plaintiff cites in his Objection that there are ten other case numbers in this District related to the instant case raising the receivership issue which have "all been reassigned, shuffled, and or dismissed prematurely, always before the Defendants would ever answered."  (Doc. No. 8, Pg ID 46) The cases found in Exhibit A of Plaintiff's Objection are:

1) 14-10182, *Eric Justin Dietrich v. Peter K. Tiernan* (J. O'Meara)
2) 14-10264, *Edgar J. Dietrich v. City of Grosse Pointe Park* (J. Berg)
3) 14-11498, *In re Le Chateau Art Gallery* (J. Tarnow) (Bankruptcy Appeal)
4) 14-14574, *Joseph McPherson v. Peter K. Tiernan* (J. Cox)
5) 15-13559, *Edgar J. Dietrich v. Peter K. Tiernan* (J. O'Meara)
6) 15-13820, *Edgar J. Dietrich v. 2010-1 CRE MI-Retail* (J. Drain)
7) 16-10220, *Edgar J. Dietrich v. Basil T. Simon* (J. Cox)
8) 16-11049, *Edgar J. Dietrich v. City of Grosse Pointe Park* (J. Berg)
9) 16-11071, *Edgar J. Dietrich v. Basil T. Simon* (J. Cox)
10) 16-11469, *Edgar J. Dietrich v. Anthony P. Patti* (J. Hood) (this case)
11) 16-11581, *Edgar J. Dietrich v. Basil T. Simon* (J. Cox)

Another case recently filed, was not cited by Plaintiff:  Case No. 16-12060, *Edgar J. Dietrich v. Basil T. Simon* (J. Cox).

The Court's review of the initiating complaints/documents in these cases show that the only case which indicates a possible companion case in this District is the Bankruptcy Appeal Case No. 14-11498, which notes a possible companion case previously filed before Judge Tarnow, Case No. 10-10773.  The civil cover sheet in the rest of the cases cited above do not indicate any other possible companion case numbers in this District.  Some of the civil cover sheets do indicate previously-fled

cases before the Wayne County Circuit Court or the Bankruptcy Case Number. Many of the more-recently filed cases do not indicate a previously-filed case before this District. It is noted that many of these civil cover sheets are not signed by the pro se plaintiff or any attorney. Since the civil cover sheets are not signed by the initiating party, it is unclear if the civil cover sheets were prepared by the plaintiff or a Clerk's Office staff. The Court directs the Clerk to report to this Court which of the civil cover sheets in the cases noted above were prepared by the initiating party or the Clerk's Office staff. E.D. Mich. LR 3.1 provides that a person filing a complaint or other document initiating a civil action must complete and file a civil cover sheet. The local rules provide that the clerk will accept for filing an initiating document without a civil cover sheet and may enlist the cooperation of counsel or pro se party in completing the sheet. In such an instance, other than perusing through the Court's extensive records, there is no other mechanism by which the Court is informed that there are related cases already filed in this District in order for the Court to determine whether cases should be reassigned under the Court's possible companion case rule, E.D. Mich. LR 81.11.

In this case, it is clear from Plaintiff's Objection that he is aware of the previously-filed related cases. It is incumbent on Plaintiff when he files a Complaint to fill out the civil cover sheet to inform the Court of the related cases. Plaintiff failed

to identify any previously-filed cases in his initiating papers.  Plaintiff cannot now complain that there were previously-filed cases which he and others in his family have initiated which were assigned to various judges.   Plaintiff's Objection to the reassignment of the instant case to the undersigned is overruled and his request to reassign the case back to Judge Cleland is denied.

## III.   MULTIPLE FILINGS

Because of Plaintiff's Objection noted above and his notation of the related cases filed, the Court finds that after review of the cited cases above, Plaintiff must hereafter obtain leave of court before filing any other case.  It appears that many of the cases filed by Plaintiff (and his relatives), related to the bankruptcy and receivership matters, which have been previously addressed by various judges in this District, the Bankruptcy Court and Wayne County Circuit Court.

The Sixth Circuit has held that district courts may properly enjoin vexatious litigants from filing further actions against a defendant without first obtaining leave of court.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see also*, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers,* 141 F.3d at 269.  A district court need only impose "a conventional prefiling review requirement." *Id.*  The traditional tests applicable to

11

preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law.  See *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).  A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing.  *See e.g.*, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).  Often, a litigant is merely attempting to collaterally attack prior unsuccessful suits.  *Filipas*, 835 F.2d at 1146.

In any new matters filed by Plaintiff, the Clerk is directed to open a miscellaneous case number and randomly assign such to a district judge.  The assigned district judge may then conduct a prefiling review of any proposed complaint to determine if the claims are not frivolous, duplicative or harassing.  Because there have been several judges assigned to the various cases filed by Plaintiff and his relatives, the prefiling determination need not be made by a district judge previously assigned to one of the many related cases.  The burden is on the Plaintiff to show that any new cases filed are not frivolous, duplicative or harassing.

## IV.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff Edgar J. Dietrich's Applications to Proceed *In*

*Forma Pauperis* Without Prepaying Fees or Costs **(Doc. Nos. 2 and 4)** are GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice and this action is designated as CLOSED on the docket.

IT IS FURTHER ORDERED that Plaintiff's Motion for Court Appointed Counsel **(Doc. No. 3)** is DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiff's Objection to the Order of Reassignment **(Doc. No. 8)** is OVERRULED and the request to reassign this matter back to Judge Robert H. Cleland is DENIED.

IT IS FURTHER ORDERED that Plaintiff is ENJOINED from filing any new matters in this District without obtaining permission to file a new case from the date of this Order.  The Clerk is directed to open a miscellaneous case number and randomly assign such to a district judge.  The assigned district judge may then conduct a prefiling review of any proposed complaint to determine if the claims are frivolous, duplicative or harassing.  If the claims alleged in the proposed complaint are not frivolous, duplicative or harassing, the assigned district judge may then direct the Clerk to open a new case number with the new Complaint.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken

13

in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.


                          s/Denise Page Hood
                          Denise Page Hood
                          Chief Judge, United States District Court

Dated:  July 12, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2016, by electronic and/or ordinary mail.

                          s/LaShawn R. Saulsberry
                          Case Manager